**In re DUVAL, Frank and Duval, Janice, Debtors.**

**Bankruptcy No. 97–20804.**

United States Bankruptcy Court, D. Idaho.

Oct. 21, 1998.

J. Ford Elsaesser, Elsaesser Jarzabek Anderson & Marks, Sandpoint, Idaho, for debtors.

Shelia R. Schwager, Hawley, Troxell, Ennis & Hawley, Boise, Idaho, for U.S. Bank.

S. David Swayne, trustee.

## SUMMARY ORDER

TERRY L. MYERS, Bankruptcy Judge.

The Trustee has objected to Claim #9 filed in this matter by U.S. Bank ("USB"). The matter came on for hearing at which time the Trustee appeared in support of his objection. No appearance was made by USB which apparently rests upon a written "Opposition to the Trustee's objection to Claim" (the "Opposition") filed prior to hearing.

The subject claim, #9, was filed on June 16, 1998 by USB (through the law firm of Hawley Troxell Ennis & Hawley) apparently in the amount of $1,212,400.98. Claim #10 was filed by Hecla Mining Company (also through Hawley Troxell) on June 16, 1998 in the amount of $1,396,684.31.

The Trustee alleges that the claim of USB is duplicative of Hecla's claim #10. The Opposition of USB to the objection admits that the Hecla claim is based upon a postpetition assignment to Hecla from USB. A copy of the "Assignment of Claims and Recovery Sharing Agreement" of June 11, 1998, memorializing the USB–Hecla assignment accompanies the Opposition as an exhibit.

The Opposition indicates that this assignment occurred *after* bankruptcy. However, it must have preceded the filing of the complaint in Adversary Proceeding No. 98–6014, *Hecla Mining Co. v. Duval,* in January 1998; the Complaint at para. 5, p. 3, refers to the assignment. Apparently formal documentation regarding the assignment was not executed until several months later.

The Bank resists the Trustee's objection by arguing that the claim adjudication process should await trial in Adversary No. 98–6014. That case is presently set for trial in late February 1999 (Hawley Troxell is also counsel for Hecla in that litigation).

It is further clear, from USB's Opposition, that Claim #9 is a contingent or "protective" claim should the assignment be somehow set aside. The Opposition in essence admits that USB presently has no claim against the debtors, having assigned its claim to Hecla.

The first problem facing USB is Rule 3001(e)(1) which requires that, where a claim against a debtor is assigned after the filing of

the debtor's petition for relief, *only* the assignee (here Hecla) may properly file a claim. Claim # 10 is Hecla's claim under the assignment. Claim # 9 would appear to be improper under this rule.

The matter can also be viewed in a more practical context. The Trustee has submitted to the Court a proposed final accounting which shows that he has only $1,678.00 to disburse to general unsecured creditors of this estate—a class that includes, according to the Trustee, allowable claims in excess of $7,000,000.00 even before inclusion of the USB claim. The impact of any distribution on unsecured claims is *de minimis*.

From the documents of record, it appears that Hecla is entitled to distribution (to the extent any occurs) from this bankruptcy estate. There is no cogent reason to delay further the Trustee's administration of the case. That is true notwithstanding the fact that there is still pending dischargeability litigation between the debtors and Hecla.

Based upon the foregoing, the Trustee's objection is SUSTAINED and Claim # 9 will be DISALLOWED. However, USB shall be provided 10 days from the date of this decision within which time it may file an amended proof of claim asserting any claim it may have against the debtors other than those it has assigned away. If no such amended claim is filed, the Trustee may submit an Order disallowing Claim # 9 in its entirety.